IRELAND et al. *against* KIP.

Where the facts are undisputed, it is a question of law, merely, whether the
holder of a note has used due diligence in giving notice to an indorser.
Where the indorser resides at Kip's Bay, notice left at the post-office in
the city of New York, is insufficient, although accompanied by proof that
the indorser had left orders there to have letters, addressed to him, con-
veyed to a certain house in the city, which he was in the daily habit of
frequenting.

The insolvency of the maker, will not excuse the want of notice to the in-
dorser, nor will the fact of his having indemnified the indorser.

THIS was an action of assumpsit on a promissory note,
by the first indorsee against the first indorser.

The only question in the cause was, whether sufficient
notice of the dishonor of the note had been given to the
defendant.

It appeared in evidence, that he resided, at the time of
the dishonor, at Kip's Bay, on York Island, four or five
miles from City Hall, but within the limits of the city, and
that notice had been put in the post-office.   The plaintiff
admitted that the carrier for the post-office did not carry
letters as far as Kip's Bay, and offered to prove that the
defendant had left orders at the post-office to have his let-
ters carried to a certain house in Frankfort street, in the
city of New York, where he was in the daily habit of
going to receive them.   The plaintiff insisted that this
was sufficient evidence to go to the jury for them to infer
notice.

KENT, C. J.   The facts being undisputed, it is a ques-

tion for the court only, whether due diligence has been used in giving notice.(1)  I am of opinion that the testimony is insufficient.

(1) Whether it is the province of the judge or of the jury to decide upon the reasonableness of notice, is a question which was for a long time without any express adjudication; (Bailey on Bills, 3rd ed., 128, n. 3;) some judges deeming it a mixed question of law and fact, (*Tindall* v. *Brown*, 1 D. & E., 167,) and others, a question of fact, for the jury, under all the circumstances of accident, necessity, and the like.  *Hoper* v. *Alden*, 6 East. 15; 1 Sch. & Lef. 461.  So great, indeed, seems to have been the fluctuation of opinion in the courts on this subject, that Buller, J., in the case of *Tindall* v. *Brown*, observed that the numerous cases on this point reflected great discredit on the courts of Westminster.  This question, however, seems at last to be at rest, both in England and in our own courts.  It is now considered as a mixed question, to a certain extent; the facts, merely, are to be found by the jury, and the question of reasonableness is then a question purely of law: so that when the facts are undisputed, and, in the judgment of the court, reasonable notice is not made out, it is the duty of the judge to non-suit the plaintiff.  *Bateman* v. *Joseph*, 13 East. 483; *Tindall* v. *Brown*, 1 D. & E., 137; *Bryden* v. *Bryden*, 11 Johns. 188.  And this results, says Spencer, J., in the case last cited, from the necessity of having some fixed, legal standard, by which men may not only know the law, but be protected by it.  The difficulty, therefore, on this subject seems to have been to abstract the question of reasonableness from the matters of fact embracing it, and to confine each question, distinctly, to its proper forum.  Lawrence, J., in *Daresbishir* v. *Parker*, (6 East. 12,) first relieved this subject from its intrinsic difficulties, and placed it on its true ground ; although his opinion does not seem to have been, in that case, fully acquiesced in by the court.  His reasoning is founded on that of C. J. Willes, in *Bell* v. *Wardell*, Willes, 204, 206.  In that case, a custom was pleaded for the inhabitants of a town, to walk and ride over a certain close of plaintiff's, at all seasonable times; and, upon demurrers joined in the course of the pleadings, it was held, that, the facts being admitted as set forth, the court were the proper judges whether the defendant had used the alleged custom at a seasonable time or not, as in the case of a reasonable time, reasonable fines, customs, and services, of which the court are the proper judges.  For, what is contrary to reason, cannot be consonant to law, which is founded on reason ; and, therefore, the reasonableness in these and the like cases, depends on the law, and is to be decided by the judges.  But, though the court are judges of this, yet, in many cases, it may be proper to

Ireland et al, v. Kip.

The plaintiffs then offered to show that, at the time of the dishonor of the note, the maker was insolvent, and also that he had indemnified the defendant against the very note in controversy.

KENT, C. J.   That testimony would not alter the case.

Plaintiff non-suited.(2)

, *Baldwin*, for plaintiff.

*S. Jones*, for defendant.

join issue upon it.  For, issues may be joined on things which are partly matters of fact, and partly matters of law, and then, where the evidence is given at the trial, the judge must direct the jury how the law is; and, if they find contrary to such direction, it is a sufficient reason for a new trial.  And this, says Lawrence, J., is consonant to the universal practice on trials for crimes, (e. g. Murder,) where the question is, whether the facts in proof amount to murder or manslaughter, the judge directs the jury, as is stated in *Oneby's case*, 2 Lord Raym, 1485, 1494.  "If you believe such and such witnesses, who have sworn such and such facts, the killing the deceased was with malice prepense express, or it was with malice implied, and then you ought to find the prisoner guilty of murder; but, if you do not believe those witnesses, then you ought to find him guilty of manslaughter only."  And the jury may give a general verdict of murder or manslaughter; but, if they will find the facts specially, the court is to form their judgment from the facts found, whether there was malice or not, or whether the fact were done on a sudden transport of passion, or were an act of deliberation or not.  And thus the jury acted in the case of *Tindall* v. *Brown*, finding the facts specially, and leaving the question, whether the notice were reasonable or not, to the court, as a question of law to be inferred from all the circumstances.

(2) This case, on the main question of notice, came before the court, and was decided in August term, 1814, (11 Johns. 231,) when the motion to set aside the non-suit was refused, the court deciding that when the parties reside in the same city or place, notice of dishonor of bills or notes must be personal, or something tantamount; such as leaving it at the dwelling-house

Ireland et al. v. Kip.

or place of business of the party, if absent  If the party to be served with notice, resides at a different place or city, then the notice may be sent, through the post-office, to the post-office nearest the residence of the party entitled to notice. The same decision had been previously made in this cause, (10 Johns. 490,) where a new trial was awarded.  The most important additional testimony adduced by the plaintiff at the second trial, here reported, was the orders of defendant, left at the post-office, relative to the delivery of defendant's letters at the house in Frankfort street.  Upon this subject, the court held, that the delivery of such notice at the post-office, unaccompanied by proof that it was actually delivered at the house, was no notice.  On the question of the insolvency of the maker, and the indemnity to defendant, the defendant's counsel was stopped by the court.  10 Johns. 492.  At the last nearing of this case, before the court, *Scott et al.* v. *Lifford*, (1 Camp. 249,) was cited by plaintiff's counsel, where it was decided, that when parties reside in London, or the near neighborhood, the party sending notice might avail himself of the convenience of the two-penny post, and was not obliged to dispatch a special messenger.  But, as to this case, the court held that decisions in other countries, on such points, are entitled to little consideration. The great extent and population of London and its neighborhood, might well admit of a rule as to notices, like the one in the case cited, whilst here such a rule would be inapplicable and improper.